Good morning, Your Honors. Charles Medina, I'm appearing for the Petitioner Martha Montoya. May it please the Court. In Landgraf, the Supreme Court held that the inquiry into whether a statute operates retroactively, it demands a common-sense functional judgment on whether the new provision, if it attaches a new disability, new consequences to past actions, actions completed before the enactment of the provision. Now, this judgment is informed by considerations of fair notice, reasonable reliance, and settled expectations. Now, in Fernandez-Vargas, the Supreme Court noted that Fernandez-Vargas, the petitioner in that case, could have had a stronger retroactivity claim if he did two things. First, if he filed an application prior to IHRA-IHRA. And second, if prior to IHRA-IHRA, he took an action that enhanced the significance of a particular form of relief to him in particular. In the present case, Your Honor, the petitioner is arguing that unlike Fernandez-Vargas, she took an action that enhanced the significance of a particular form of relief to her. Can I just clarify? Your client actually didn't do anything, right? It's just her sister? Actually, that would be our argument. She did something, Your Honor, and this action was the filing of the I-130. But she doesn't do that, does she? We're getting – technically, Your Honor, that's a good point. And that's the position of the government. She didn't file the I-130 because she's only a beneficiary. She does not have standing to file an I-130. She cannot appeal the denial of an I-130. She has no – But that petition was granted. It's just that she now has to wait until basically her number comes up, right? That's correct, Your Honor. So why does she obtain a vested – you're, I guess, arguing that she has a vested right that the United States can't change the laws in the interim before she can actually file the adjustment application? Yes, Your Honor, I get your point. But it's not a vested right, Your Honor. That's what the Supreme Court pointed in Fernandez-Vargas, that these applications, they fall under the second category of justice stories formulation of a retroactive statute, not the vested right, but no legal consequences for past acts. So what we're saying, Your Honor, is that prior to Ira-Ira, there was an I-130 filed on her behalf. That was the action taken in this case, Your Honor. And we can't be too technical. We can't say that she didn't file it, therefore she didn't do anything. But in other areas of the law, Your Honor, we – a person can act through an agent, or we can impute – we can impute an action to an individual. And in this case, Your Honor, the filing of the I-130, we're arguing, it – that's the action she took before Ira-Ira. And more significantly, Your Honor, the filing of this I-130, it grandfathered her under INA 245i. Now, this is significant, Your Honor. So what you're really asking, as I understand it, and I'm sorry to interrupt you a little bit, but it seems to me that what you're really saying is that the mere fact that her brother filed the form I-130 gives her something she didn't have before. I'm trying to figure out if it elevates her level of hope. Because if I read Fernandez-Vegas, it's a matter of level of hope being raised. Tell me, where is she on the visa schedule? For the brother's I-130, Your Honor, I think she's maybe five years. Five? But she has a petition, an approved petition from her 21-year-old daughter. So that's why this case ended. An approved petition for a 21-year-old daughter is not really what we have here. We have the brother of her that filed her I-130. It's not in the record, sir, I understand, because it's a reinstatement. But the history of this case is she filed it. And as I understand it, really, I took some chance to look at this. In the time that we've come from the time when that I-130 petition was filed, she hasn't really moved up the list very much on a visa petition. Yes, sir. I'm trying to figure out why this elevates the level of hope that Fernandez-Vegas. Actually, Your Honor, that's what the Supreme Court pointed out in Fernandez-Vegas. Because Fernandez-Vegas, when IRA took effect. Well, it says it was necessary to take some action that would elevate it above the level of hope. But Fernandez-Vegas, Your Honor, he didn't do anything. He filed his. Well, I'm worried that this didn't do anything either, given what's happened from the day it was filed in 1997 until today and how far you are down the visa list. Yes. If I may explain, Your Honor. Because when an I-130 is filed, pre-IRA, and an alien's grandfathered. Your Honor, in Matter of Estrada and in the adjudicator's field manual of USCIS, they said that once you obtain grandfathering status, you retain. You do not lose your ability to adjust status. It's the ability to adjust status that was changed by INA 2421A5. Pre-IRA-IRA, because of what she did, the filing of this I-130, which grandfathered her, and then the government's trying to apply the reinstatement provision on her. When this reinstatement provision is applied to her, then she would lose her ability to adjust status. And that would be a new consequence to her past act of having an I-130 filed on her behalf. If she loses it, why did you bring up this suggestion for her daughter filing something? No, Your Honor, that's relevant, but it's not on this issue because that's her method of obtaining permanent residence in the present time because she's grandfathered, Your Honor. And grandfathering, even if your adjustment application is denied ten times before, then you can apply for as long as you have any basis. So that's our argument. Fernandez Vargas, he married his U.S. citizen wife after I-RA-IRA, and I think he filed it close to the deadline of 245-I, around 2001. That's why he didn't do anything prior to April 1, 1997. In this case, petitioner, she had something filed. It's an I-130, which grandfathered her. Now, I understand the government's position and the IJ's position that an I-130, they refused to attach any significance to this. On this record, could you tell us just as succinctly as you can why we should grant rather than deny her petition? Yes, Your Honor. It's the grandfathering, Your Honor, because of the I-130 that was filed. The basis is what? Tell us. Go ahead. What's the basis, Your Honor? Yes. The I-130 that was filed, Your Honor, it grandfathered her. Grandfathering gave her the ability to adjust status. And when they applied the reinstatement provision to her, it deprived her of this ability to adjust status. So that's a new consequence. And it upset her settled expectations. And it was reasonable for her, Your Honor, to rely on the availability of INA 245-I prior to I-IRA, because the old reinstatement provision. So are you asking us to go against the Fifth Circuit? Which cases? And Silva-Rosa v. Gonzales? Silva-Rosa v. Gonzales said that mere approval of an I-130 is not sufficient. I'm not. To create a vested right. That's correct, Your Honor. It doesn't create a vested right. Although I would like to point out, Your Honor, a panel of this Court in Ching v. Mayorkas stated that an I-130, it's a different issue, Your Honor. But the Court there stated that the approval of an I-130, it entitles the Petitioner to the approval of the I-130. It's a matter of right. And it's a protected right that would be accorded due process protection. Of course. I'm sorry. I didn't follow you. The filing of the I-130? No. An I-130 Petitioner is entitled as a matter of right to the approval of an I-130 Petition if all regulatory requirements are met. That's what Ching v. Mayorkas said. But that I-130 is not hers. It's her brother's. Yes. And that will be my point, Your Honor. If the Petitioner is entitled as a matter of right, then the beneficiary, of course, she's a passive entity in this process. But that would be sufficient to give her settled expectations because it is the Petitioner is entitled as a matter of right to this I-130 if you prove all requirements. Contrast this, Your Honor, to, for example, Chai v. Iksak or other cases. He filed an asylum application pre-IRITA. Let's change the facts in Chai. For example, somebody pre-IRITA would file a frivolous asylum application, which is very easy to do. That would protect that person who filed a frivolous asylum application from a reinstatement provision because it would upset the settled expectations. But in this case, Your Honor, why would her expectations be any less than other cases? I guess my worry about that is this, and that's what we're getting to. Yes, sir. And I'm taking you a little bit over your time. But it seems to me that the steps to file for this family adjustment of status is first have an I-130 filed for you. That's correct, Your Honor. Then you're put on the waiting list, which is where she is. Yes, Your Honor. And she's not moved up the waiting list at all since she filed, and that was way back in 97. Yes, sir. And then there's an application for adjustment of status when the visa is ready. That's correct, Your Honor. Now, she hasn't ever filed the application. She really didn't have anything to do with filing the I-130 form, and she's not really any closer to the visa than she was in 97. So she hasn't applied either, somewhat like in the other case where there's been no application. I'm trying to figure out why it's above a level of hope. Because in Chi X, Your Honor, it correctly emphasized that under Landgraf and St. Cyr, the focus should not be on whether the application is discretionary or the type of application, but on whether the new provision attaches new legal consequences to events completed before its enactment. That's how we urged the Court to look at this case. So she did something pre-Ira-Ira, and Ira-Ira changed her ability to adjust status. It deprived her of this ability. So that's the retroactive effect, Your Honor. Thank you. Thank you, Your Honor. Good morning, Your Honor. Manuel Palaf with the respondent in this case. The way you measure the quote-unquote expectation, Your Honor, is by the petitioner here filing for immigration relief. Her brother's filing of an I-130 is not an action taken by her. I understand why counsel would like to portray it as that, but the fact is an I-130 is not a form of immigration relief. It's an action taken by a U.S. citizen or legal permanent resident. He or she may withdraw it at any time. If he or she does, the alien has no right to contest it. So the way you measure the hope here is by the alien's filing of an application for relief. Here we're talking adjustment of status. Ms. Montoya obviously has not filed such an application either pre- or post-Ira-Ira. In fact, I would point out that Irira has absolutely no effect on her depending I-130 that's out there, should her number become current or when it becomes current. When it becomes current, she can apply for adjustment of status wherever she may be or seek admission based on that I-130. Irira has no effect on that. What's relevant at the moment is that she can't do it in the context of the reinstatement of her removal order because under Irira it's being applied prospectively to her. She has no pending – she cannot apply for any kind of relief. That's what bothers me about the government's argument in this case is that it just turns on this – the I-130 regime could easily be set up such that the sibling files the I-130 petition and at the same time the alien files the application for adjustment of status, but everybody understands that we're not – the government's not going to take any action on your application until your number comes up. And it seems to me in that situation then we've got whatever – what is that case? Xcott. That's what I call it. She would win, right? And I don't see her level of hope, using the Fernando Vargas term, as being any different under that regime than it is under the present regime. Well, now you're talking policy, Your Honor, and the way these visas are handed out, there's only a very few number awarded every year, and she's in that waiting line along with millions of other people. And that's not a fluke. That's just the way Congress has set it up. No, no, no. I'm saying that she's – look, I'm sure she would have loved to file – to have filed the application for adjustment of status at the time that her brother filed the I-130, right? Right. It's just that you, the government, say no, you're not allowed to file that until later. You can't file it until your number comes up. But from her standpoint, in terms of her level of hope that she's eventually going to get the adjustment, it's just that it's a mere formality, it seems to me, that you're just preventing her from filing the application now as opposed to later. Well, the Supreme Court didn't think so in Fernandez-Vargas, Your Honor. I mean, the key thing here is for the alien to take an action. She's done everything she could. She's done nothing, Your Honor. I'm sorry. There's nothing she could do because you won't allow her to file the application at the time she wants to. We're not singling her out or pointing – saying you can't. The statute, the U.S. Code, says you can apply for adjustment of status when you have an immediately available immigrant visa. That's well accepted, Your Honor, and that's just – that's a numbers game that she falls into. We all have numbers games that we're subject to, and that's just the way it is. And the mere fact – I mean, let's not forget that she was ordered removed pre-arrera. She reentered illegally. She could have gotten the same relief again as in the prior case. When she reentered the U.S., she's charged with knowledge that a new statute is coming into play, and you cannot seek adjustment of status under a reinstatement proceeding. She could have returned to Mexico like many millions of other citizens of Mexico and awaited for the I-130 to become current and waited her turn. I'm just saying I don't – I'm not sure I see any good reason to not treat the I-130 itself as the equivalent of something that she – a step she took to obtain the adjustment of status. Well, I would strongly take issue – I don't think there's any law to support that conclusion, Your Honor. All that gets her is a place in line, and she may or may not ever file an application for adjustment of status. In fact, I don't think the court needs to reach the merits of any such petition in the future, but an alien who reenters the U.S. prior after being removed arguably is ineligible for adjustment of status. We don't have to go that far, but I don't think it's a – I don't see her being differently situated from the petitioner in that other case where we said the – who had the pending asylum application. She's done everything she can under the law to move the ball forward on her behalf. It's not like – she's not like Fernando Vargas where she did nothing. She just sat there. She's taken every step she can under the law to get status, and she's just waiting. Respectfully – I'm sorry. Yeah, go ahead. She's done nothing, Your Honor. She's taken no steps. You can't measure something as vague as hope. I mean, yes, I'm sure she had an expectation that – I think the brother just filed this thing without – there's no regard for her. The brother just said, oh, I just feel like filing an I-130 today. No, I don't want to be frivolous about it. But the fact that case laws – No, I guess in all seriousness, I'm saying that obviously that – the filing of the I-130 is taken because that's something that she wants done for her, for her benefit. It's not for the brother's benefit. Well, I think you're making an assumption. Maybe the brother wants her to come in. But I don't think it matters either way, Your Honor. I think that there's – we cite them in our brief. An I-130 is not an – what you have to do is file an application for a relief, immigration relief. She has not done that. That's a black and white thing she hasn't done. So to reach the conclusion you're kind of arguing for you or putting out there, you would have to find, as a matter of fact, that a U.S. citizen's filing of an I-130 is legally equivalent to an application for immigration relief. It's just not, Your Honor. For retroactivity purposes only. There's no – okay. That's all I'm saying. I don't think there's any retroactivity issue here, Your Honor, because it's measured by Fernando Vargas. They didn't say – I mean, they didn't punish him because he was lazy. They punished him because he had nothing on file prior to ARERA. But he could have filed something, and she couldn't. She did everything she could. Well, I don't think so. And we want her to file the I-130. No, what she's arguing here, Your Honor, is that I get to stay in the U.S. because my brother filed something 20 years ago, and that's just not the law. She can come in the U.S. the other way. What she could have done, again, is to pursue this from her native country, like hundreds of thousands of other people have, and wait in line. She wants this court to say that your prior order, where you were ordered to move, cannot be reinstated because your brother filed an I-130. I mean, we have a similar situation in the preceding case. When Mr. Ortega's wife withdrew her I-130, he had nothing to say about it, but that was sufficient to preclude him from going forward on that, and that's why it was denied. So I understand what you're saying. I think you are making a bit of a policy argument, respectfully. I don't think it's too much question, or any question, frankly, that an I-130 filed is not an application for relief. And I think that's the key thing in Fernandez-Vargas, in Chai Ixcot, your own decision here. And I don't think, well, I think those, here I think Fernandez-Vargas controls because there was no pending application. And, again, all we're talking about is not her ability to ever come into the U.S. We're talking about whether IRERA has a permissibly, impermissible retroactive effect, and I would strenuously argue that it doesn't because under the precedents we've cited in our brief, there was no right or pending application that she had for immigration relief that was terminated by the reinstatement. I will tell you, counsel, that I appreciated my colleague's questions because I had the similar questions, so I let him go forward. I don't necessarily think that's where he is or what he's thinking, but that is something we needed the government to think about, and those were the questions I thought were good for that reason. And that's why I hoped you would respond to those kind of questions. Yeah, I think counsel did a good job trying to – I think the situation here is lacking an application is an I-130 going to cut it. We would argue that it doesn't for the reasons I've argued. Okay. Thank you, Your Honor. I really don't know that there's much for you to respond to based on what he said, but if you want 30 seconds, I'll give it to you. Yes, sir. I would just like to stress, because the government is emphasizing that she didn't file any application for relief. Now, that's the holding in Chai Iksot and the other circuit cases, but Landcraft, Your Honor, St. Cyr, and even Hughes Aircraft, they said it's not very specific. They didn't say you have to file an application for relief so that you would have a retroactivity claim. They said you need to – there should be an action. It's as broad as that. An action that would give you settled expectations, and it was reasonable for you to rely on the availability of whatever relief or whatever that action gave to you. It's reasonable for you to rely, to do that action, and then it gave you settled expectations. Once you've done that, then you could argue that the new law changed.  Appreciate your argument. Thank you, Your Honor. Case 11-72483 is submitted.
judges: Farris, Smith, Watford